UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHRYN J. GILLETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:15-cv-01040-SEB-DKL |
| ) | |
| GAMING ENTERTAINMENT ) | |
| (INDIANA) doing business as RISING ) | |
| STAR CASINO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

This cause is before the Court on Defendants' Motions to Dismiss [Docket Nos. 52, 58], filed on May 9, 2015 and June 20, 2015, respectively. For the reasons detailed below, Defendants' motions are <u>GRANTED</u> and this cause is <u>DISMISSED WITH PREJUDICE.</u>

**Background**

Plaintiff Katheryn Gillette filed her original *pro se* Complaint in this action on July 25, 2015 against Defendants Gaming Entertainment d/b/a Rising Star Casino, Indiana Gaming, LLC, Belterra Resort Indiana, LLC d/b/a Belterra Casino Resort, Centaur, LLC d/b/a Hoosier Park Racing and Casino, Centaur Acquisition, LLC d/b/a Indiana Grand Casino, Rock Ohio Caesars Cincinnati, LLC d/b/a Horseshoe Casino Cincinnati, and RDI Caesars Riverboat Casino d/b/a Horseshoe Southern Indiana

(collectively "the Casinos"). Dkt. 1. Gillette alleged that, after being prescribed a drug known as "Mirapex" for her Restless Leg Syndrome, she developed a crippling and compulsive gambling addiction, which lasted for several years, during which she borrowed from the Casinos to finance her addiction. When Gillette requested and received the loans from the Casinos, they required her to sign agreements allowing them to automatically draft funds from her bank account if she failed to repay the loans on time. Eventually Gillette defaulted on every loan she had obtained from the Casinos and collection attempts began.[1] *Id.* Plaintiff claimed in her July 2015 Complaint that, through their predatory lending and collection practices, the Casinos had violated Title XIV of the Dodd-Frank Act, Sections 1692f(1)–(2) and 1692p(b)(5) of the Federal Debt Collection Practices Act ("FDCPA"), Section 1693e of the Electronic Funds Transfer Act ("EFTA"), Section 1962(b) of the Racketeer Influenced Corrupt Organizations Act ("RICO"), and Section 2-302 of the Uniform Commercial Code ("UCC"). *Id.*

On August 31, 2015, the Casinos filed a joint motion to dismiss [Docket No. 32], pursuant to Federal Rule of Civil Procedure 12(b)(6). See Dkt. 32. On October 27, 2015, we granted the Casinos' motion, dismissing Plaintiff's claims under the FDCPA and the UCC <u>with prejudice</u> and dismissing her claims under Title XIV of the Dodd-Frank Act, the EFTA, and RICO <u>without prejudice.</u> See Dkt. 40. We instructed Plaintiff that if she

---

[1] For a full recitation of the facts in this case, see our Order dated October 27, 2015. Dkt. 40.

wished to proceed on her claims under the Dodd-Frank Act, the EFTA, or RICO, she must file an Amended Complaint that overcame the deficiencies described in our Order.[2]

On April 25, 2016, Plaintiff filed her *pro se* Amended Complaint, in which she restated her claims under the EFTA and RICO, and added two claims for violations of Indiana's riverboat and racetrack gambling regulations. Dkt. 49. She also added as a Defendant Patrick Kilburn of the law firm Lloyd & McDaniel, PLC. *Id.* On May 9, 2016, the Casinos filed a joint motion to dismiss Plaintiff's Amended Complaint [Docket No. 52] and on June 20, 2016, Defendant Patrick Kilburn filed a separate motion to dismiss [Docket No. 58]. As explained below, both motions to dismiss are GRANTED.

## Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of claims for "failure to state a claim upon which relief may be granted." In determining the sufficiency of a claim, the court considers all allegations in the complaint to be true and draws such reasonable inferences as required in the plaintiff's favor. *Jacobs v. City of Chi.*, 215 F.3d 758, 765 (7th Cir. 2000).

Rule 8 of the Federal Rules of Civil Procedure applies, with several enumerated exceptions, to all civil claims. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The primary purpose of

---

[2] Our October Order granted Plaintiff until November 17, 2015 to file her amended complaint; however, her deadline eventually was extended to April 25, 2016. See Dkt. 47.

3

these provisions is rooted in fair notice. In order to satisfy the core requirement of fairness to the defendant, a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994) (citation omitted); *see also Jennings v. Emry,* 910 F.2d 1434, 1436 (7th Cir.1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of whatever it is the plaintiff asserts). A complaint that is prolix or confusing makes it difficult for the defendant to file a responsive pleading and makes it equally difficult for the trial court to conduct orderly litigation. *Vicom,* 20 F.3d at 776; 2A James w. Moore, et al., *Moore's Federal Practice* § 8.13, at 8–58 (noting that Rule 8 compliance allows a defendant to answer the complaint, and that Rule 8 prevents problems with pretrial discovery, formulating pretrial orders, and applying res judicata).

Because Gillette filed her complaint without the assistance of counsel, we construe its contents with greater liberality than normally afforded to plaintiffs. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (citing *Hudson v. McHugh,* 148 F.3d 859, 864 (7th Cir. 1998)). Nonetheless, a complaint is subject to dismissal if it does not "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Kolbe & Kolbe Health & Wealthfare Benefit Plan v. Med. College of Wis. Inc.*, 657 F.3d 496, 502 (7th Cir. 2011).

## Discussion

Plaintiff's Amended Complaint contains allegations that: (1) Defendants Indiana Gaming, LLC, Gaming Entertainment Indiana, Belterra Resort Indiana, LLC, RDI Caesar's Riverboat Casino, LVGV, LLC, and Rock Ohio Caesars Cincinnati, LLC, violated section 1693e of the EFTA by loaning her money and/or extending to her lines of credit, and subsequently debiting or attempting to debit sums of money from her bank account; (2) Indiana Gaming, LLC, Belterra Resort Indiana, Gaming Entertainment Indiana, and RDI Caesar's Riverboat Casino violated Indiana Code § 4-33-9-15 by extending credit to her in the form of cash, rather than tokens, chips, or electronic cards; (3) Centaur, LLC and Centaur Acquisitions, LLC, violated Indiana Code § 4-35-7-9 by extending credit to her in the form of cash, rather than tokens or electronic cards; and (4) Belterra Resort Indiana, LLC and Patrick Kilburn, violated RICO through their attempts to collect gambling debts by filing state-court actions seeking treble damages and attorney fees. Dkt. 49. We address each of Plaintiff's allegations below.

### I. Count One: Electronic Funds Transfer Act

Plaintiff has repeated her allegations that certain Defendants violated section 1693e of the EFTA. As explained in our prior Order, section 1693e requires that any "preauthorized electronic fund transfer" from a consumer's account be authorized by the consumer in writing and a copy of the transfer be provided to the consumer when made. 15 U.S.C. § 1693e(a). In the case of multiple, recurring preauthorized transfers from a consumer's account to the same person or financial institution, prior to each transfer, the

financial institution or designated payee must provide reasonable advance notice to the consumer of the amount to be transferred and the scheduled date of the transfer. *Id.* § 1693e(b).

We determined that Plaintiff's original Complaint failed to state a claim under the EFTA because, although it identified one attempt by Defendant LVGV, LLC to collect on Plaintiff's debt through an automatic bank transfer, it failed to state when the attempted preauthorized auto-draft had occurred, how many auto-drafts had been attempted, or whether LVGV, LLC had given reasonable advance notice prior to the attempted transfers. *Id.* at 12–13.

In filing her Amended Complaint, Plaintiff has alleged the following:

- Sometime in 2011, Plaintiff established a $2,000 line of credit with Defendant Indiana Gaming, LLC, which line was eventually increased to $15,000. On May 1, 2012, without prior notice, Indiana Gaming, LLC, attempted two auto-drafts from Plaintiff's bank account—one for $5,000 and another for $10,000—both of which were unsuccessful due to the account's balance of Non-Sufficient Funds ("NSF"). On June 13, 2012, without prior notice, Indiana Gaming, LLC again attempted to auto-draft $15,000 in two transactions, but the account's balance was NSF. Dkt. 49 at ¶¶ 11–15.

- On December 23, 2011, Plaintiff established a $2,000 line of credit with Defendant Gaming Entertainment Indiana, which line was eventually increased to $14,400. On April 23, 2012, without prior notice, Gaming Entertainment Indiana attempted to auto-debit Plaintiff's account for $2,400, but the account's balance was NSF. On April 29, 2012, without prior notice, Gaming Entertainment Indiana again attempted to auto-debit Plaintiff's account for $7,100, but the account's balance was NSF. *Id.* at ¶¶ 16–19.

6

- On January 27, 2012, Plaintiff established an $8,000 line of credit with Defendant Belterra Resort Indiana, LLC, which line was eventually increased to $10,000. On March 30, 2012, without prior notice, Belterra Resort attempted to auto-debit Plaintiff's account for $8,000, but the account's balance was NSF. *Id.* at ¶¶ 20–22.

- On February 21, 2012, Plaintiff established a $10,000 line of credit with RDI Caesar's Riverboat Casino. On April 17, 2012, without prior notice, RDI Caesar's attempted to auto-debit Plaintiff's account for $4,000, but the account's balance was NSF. *Id.* at ¶¶ 23–25.

- On April 3, 2012, Plaintiff established a $5,000 line of credit with Defendant LVGV, LLC. On April 19, 2012, LVGV, LLC attempted to auto-debit Plaintiff's account for $5,000, but the account's balance was NSF. *Id.* at ¶¶ 26–28.

- At some point in 2014, Rock Ohio Caesars Cincinnati, LLC loaned Plaintiff an unspecified sum of "cash," after which it attempted to auto-debit Plaintiff's account for $2,200, but the account's balance was NSF. *Id.* at ¶ 29.

Defendants argue in their joint motion to dismiss that these allegations, taken as true, fail to establish liability under the EFTA because the alleged transactions are not "preauthorized transfers" as defined by the Act. See Dkt. 43 at 4–5. To qualify as a preauthorized transfer under § 1693e, the electronic fund transfer must be "authorized in advance to *recur at substantially regular intervals.*" 15 U.S.C. § 1693a(10) (emphasis added). The EFTA's implementing regulation, known as "Regulation E," defines "advanced authorization" of a "preauthorized electronic fund transfer" as "one authorized by the consumer in advance of a transfer that *will take place on a recurring basis, at*

7

*substantially regular intervals*, and will require no further action by the consumer to initiate the transfer." 12 C.F.R. Pt. 205, Supp. I, § 205.2(k) (emphasis added).

Here, Plaintiff has failed to allege that the Casinos made *recurring* transfers at *substantially regular intervals*. Instead, Plaintiff has alleged that after defaulting on her loans, the Casinos acted pursuant to the parties' agreements to collect the debt via auto-debits from her bank account; however, no Casino made more than two attempts to auto-debit the overdue payments, and most made only one attempt.

In both *In re Direct TV Early Cancellation Litigation* and *Okacha v. HSBC Bank USA, N.A.*, the defendants had made similar one-time charges against the plaintiffs' accounts. The district courts in those cases dismissed the EFTA claims brought under § 1693e, finding that transfers not set to recur at regular intervals did not constitute "preauthorized transfers" under § 1693e. *See In re DirecTV Early Cancellation Litigation,* 738 F. Supp. 2d 1062, 1091 (C.D. Cal. 2010) (finding that a transfer must be "recurring" for § 1693e to apply); *Okocha v. HSBC Bank USA, N.A.,* 2010 WL 5122614 (S.D. N.Y. Dec.14, 2010) (dismissing EFTA § 1693e claim because the preauthorized transfer was not set to occur at recurring intervals and the transfer between the account holder's bank accounts was not an electronic transfer covered by the EFTA). Likewise, the court in *Puglisi v. Debit Recovery Solutions, LLC* held that a plaintiff's preauthorization of two payments set to occur exactly 30 days apart did not constitute a "preauthorized electronic funds transfer" because the authorization was not "designed to allow for deductions at substantially regular intervals." 822 F. Supp. 2d 218, 232 (E.D.

N.Y. 2011). Indeed, as our sister court in Illinois has stated, "Section 1693e was not intended to address such situations. Rather, the provisions related to 'preauthorized electronic fund transfers' were aimed to protect 'consumers who arrange for regular payments (such as insurance premiums or utility bills) to be deducted automatically from their bank accounts.'" *Sharkey v. NAC Mktg. Co., LLC*, 2012 WL 5967409, at *3 (N.D. Ill. Nov. 28, 2012) (quoting *Okacha,* 2010 WL 5122614, at *2, and citing S. Rep. 95–915 (1978)).

Thus, even taking Plaintiff's claims as true, she has failed to state a claim under 15 U.S.C. § 1693e because she has failed to allege that any Casino made or attempted to make preauthorized electronic fund transfers from her account on a substantially recurring basis. Accordingly, we hereby <u>DISMISS with prejudice</u> Plaintiff's claims under the EFTA.

## II.   Counts Two and Three: Indiana Gambling Regulations

In addition to her attempts to cure the deficiencies highlighted by our October Order, Plaintiff has added two claims to her Amended Complaint. She alleges that certain Defendants violated Ind. Code § 4-33-9-15 and Ind. Code § 4-33-1-1 by extending credit to her in the form of cash currency, rather than tokens, chips, or electronic cards. Dkt. 49.

These additional claims are beyond the scope of leave we granted to Plaintiff to amend her complaint, see dkt. 40, and in any event Plaintiff appears to have abandoned these claims altogether in her response to Defendants' motion to dismiss. See. Dkt. 56.

The cited statutes provide no private right of action, given that Indiana's General Assembly established the Indiana Gaming Commission and granted it exclusive responsibility for the administration, regulation, and enforcement of gambling regulations over riverboats and racetracks. *See Stulajter v. Harrah's Ind. Corp.*, 808 N.E.2d 746, 749 (Ind. Ct. App. 2004) ("If the legislature intended to create a right to a private cause of action under the Commission rules for riverboat gambling, it could have included such a provision."). Accordingly, if the Casinos are in violation of any state statutes, they must answer to the Gaming Commission, not a private citizen asserting such a violation. *Id.* Counts Two and Three of Plaintiff's Amended Complaint are therefore also <u>DISMISSED with prejudice</u>.

### III.   Count Four: Racketeer Influenced Corrupt Organizations Act

Plaintiff's final claim asserts that Defendant Belterra Resort Indiana, LLC and newly-added Defendant Patrick Kilburn violated RICO (18 U.S.C. § 1962) by filing state-court collection actions in which they sought to recover treble damages and attorney fees. See Dkt. 49 at ¶¶ 44–45.

In our prior Order, we held that Plaintiff's Complaint failed to state a claim under 18 U.S.C. § 1962(b) because she had failed to identify the RICO "enterprise" in which Defendants maintained an interest or the "pattern of racketeering activity" through which Defendant had acquired or maintained that interest. See Dkt. 40 at 13–14.

In Plaintiff's Amended Complaint, she omits reference to any particular subsection of RICO and adds as a defendant Patrick Kilburn, an attorney who was hired

to carry-out the collection actions on Belterra's behalf. Given that Plaintiff is proceeding *pro se* and in light of the content of her newly stated allegations, we interpret her Amended Complaint to be an attempt to state a claim under 18 U.S.C. § 1962(c), which provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

"To state a claim under § 1962(c), a RICO plaintiff must show the (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Crissen v. Gupta*, 994 F. Supp. 2d 937, 946 (S.D. Ind. 2014) (internal quotes omitted). Thus, although Plaintiff now appears to be proceeding under § 1962(c) rather than § 1962(b), she must still cure the deficiencies identified in our prior Order, to wit, she must identify a RICO "enterprise" and a "pattern of racketeering activity."

In her attempt to demonstrate a pattern of racketeering activity, Plaintiff has revealed that her RICO claims must be dismissed with prejudice. Plaintiff has argued:

> 1692f states: A debt collector may not use unfair o[r] unconscionable means to collect or attempt to collect any debt.
>
> . . .
>
> The predicate act committed by the Defendant is the attempt to collect an amount not expressly authorized by the loan agreement which created the debt and Plaintiff did not expressly permit the collection of treble damages for the

> electronic funds transfers. The pattern of racketeering activity is the collection of treble damages in virtually all of the collection cases brought to the local courts.

Dkt. 56 at 3. We interpret Plaintiff's reference to "1692f" as a reference to the Federal Debt Collection Practices Act, 15 U.S.C. § 1692f. However, we dismissed Plaintiff's FDCPA claims with prejudice in our prior Order, explaining that Defendants were not debt collectors and therefore bound by the act. See Dkt. 40 at 9–10; *see also Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 ("A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all."). More importantly, in dismissing Plaintiff's RICO claims without prejudice, we explained that "racketeering activity" is defined under the act to include several specific categories of crime listed in 18 U.S.C. § 1961(1), and that "violations of the…the Federal Debt Collection Practices Act…are not among § 1961(1)'s list. Likewise, the collection of debts through preauthorized transactions or through the court system is not among the list of conduct constituting 'racketeering activity.'" *Id.* at 15 n.4. Not heeding our advice, Plaintiff has repeated her allegations in her Amended Complaint charging Defendants with having violated RICO by filing debt-collection actions in state court in which they sought to recover treble damages and attorney fees. In so doing, Plaintiff has failed to cure the deficiencies of her original Complaint and therefore failed (again) to state a claim under 18 U.S.C. § 1962. Accordingly, Plaintiff's RICO claims are hereby <u>DISMISSED with prejudice.</u>

## Conclusion

For the foregoing reasons, we <u>GRANT</u> Defendants' motions to dismiss [Docket Nos. 52, 58]. Plaintiff's motion for preliminary injunction [Docket No. 34] is <u>DENIED AS MOOT</u>. This action is <u>DISMISSED WITH PREJUDICE</u>. Final Judgment shall enter accordingly.

IT IS SO ORDERED.

Date: 9/14/2016

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KATHRYN J. GILLETTE
8335 CATAMARAN DR.
INDIANAPOLIS, IN 46236

Joshua James Burress
BINGHAM GREENEBAUM DOLL LLP
jburress@bgdlegal.com

Gregory A. Neibarger
BINGHAM GREENEBAUM DOLL LLP
gneibarger@bgdlegal.com

Scott Ernest Andres
DUE DOYLE FANNING & METZGER
sandres@duedoyle.com

Matthew Evan Burkhart
FAEGRE BAKER DANIELS
matthew.burkhart@faegrebd.com

Anne Kramer Ricchiuto
FAEGRE BAKER DANIELS LLP (Indianapolis)
anne.ricchiuto@FaegreBD.com

Robin L. Babbitt
ICE MILLER LLP
robin.babbitt@icemiller.com

Gregory L. Taylor
LLOYD & MCDANIEL PLC
gtaylor@lloydmc.com